IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-017 (MN) |
| | ) |
| SEAN COMBS, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Ronald Satish Emrit, Sarasota, Florida – *Pro Se* Plaintiff

February 24, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On January 8, 2024, Plaintiff Ronald Satish Emrit filed this civil action. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

### I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). In 2005, at Gotham Hall in New York City, Plaintiff was once in the presence of Defendant Combs. (D.I. 2 at 4). In 2006, Plaintiff had communications with representatives of Defendant Atlantic Records regarding Plaintiff's personal "demo CD" and other matters that "have little or nothing to do" with Defendants Combs and Bad Boy Entertainment. (*Id.* at 4-5). And in 2013, Plaintiff filed a lawsuit in the United States District Court in Rhode Island against Defendant Atlantic Records for tort or fraud-based claims unrelated to the instant case. (*Id.* at 4).

The Complaint asserts three causes of action: Count One, Public Nuisance; Count Two, Tortious Interference with Business Relations; and Count Three: Products Liability as Design Defect or Manufacturing Defect. (Id. at 5-7). All three causes of action rely on Plaintiff's dissatisfaction with the appearance of Defendant Combs in commercial advertising, including highway billboards for Cîroc, Lamar, Viacom, and Clear Channel Outdoor, as well as Defendant Combs's other involvement in the Cîroc vodka brand and the Sean John fashion line at Macy's, while Defendant Combs is investigated and prosecuted for human trafficking and related offenses. (*Id.* at 5-6). The third cause of action also asserts that Defendants Bad Boy Entertainment and Atlantic Records "should be held vicariously liable through the doctrine of respondeat superior." (*Id.* at 7).

1

The Complaint admits that Plaintiff is not a shareholder of Defendant Bad Boy Entertainment or Atlantic Records. (*Id.*). Nevertheless, the Complaint asserts that Plaintiff has standing to bring the above causes of action as "a consumer of music and music videos," and as someone who "often operates a motor vehicle on highways in which he sees the annoying billboards of [Defendant Combs] for Cîroc vodka," "which encourages drunk driving and violates public policy concerns of Mothers Against Drunk Driving (MADD) and anybody such as [Plaintiff] who agrees with their objectives." (*Id.*). The Complaint also asserts that Plaintiff has standing because he previously sued Defendant Atlantic Records and Defendants Combs and Bad Boy Entertainment "are in 'privity of contract' with [Defendant] Atlantic Records." (*Id.* at 5). Lastly, the Complaint asserts that Plaintiff has standing "as a concerned American who wants to prevent an Al Capone or Pablo Escobar-like figure from having an[y] influence over the music business or recording artists." (*Id.* at 8).

Based on the foregoing, the Complaint seeks "punitive, compensatory, and treble damages in the amount of $45 million" against Defendants. (*Id.* at 7). The Complaint also seeks "the equitable remedy of an injunction mandating that [Defendant Bad Boy Entertainment] file for involuntary bankruptcy and establish a receivership." (*Id.* at 8).

## II.     SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his

pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a

claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

The Complaint establishes that Plaintiff has a genuine interest in combatting drunk driving and the criminal prosecution of Defendant Combs, as well as Defendant Combs's relationship with commercial brands and the music industry. Yet even when viewed in the light most favorable to Plaintiff, the Complaint only articulates "the kind of generalized grievance" that is "common to all members of the public" without showing that Plaintiff "is in danger of suffering any particular concrete injury as a result of" the actions alleged. *United States v. Richardson*, 418 U.S. 166, 176-77 (1974). As such, the Complaint does not establish Plaintiff's standing to bring this action, dismissal is warranted at the threshold, and amendment is futile. The Complaints arguments for Plaintiff's standing, as well as the three causes of action alleged in the Complaint, are clearly baseless, or rely on indisputably meritless legal theories, and as such, the Court finds the Complaint frivolous. (D.I. 2 at 5-7). *See Dooley*, 957 F.3d. at 374. Because the Complaint is frivolous and amendment is futile, the Complaint will be dismissed and the case will be closed.

### IV.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile. An appropriate Order will be entered.

4